UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF VIRGINIA

ROANOKE DIVISION

Belle Garden Estate, LLC

And

Charles Russell, Member of Belle Garden Estate LLC

    Plaintiffs

v.                                                                    Case No. __7:21cv135_____

The Honorable Ralph S. Northam

Governor of Virginia

    Defendant                                        **Civil Rights Complaint**
                                                           **42 U.S.C. § 1983**

                                                           **FIRST & FOURTEENTH AMENDMENT**

Comes now, the Plaintiff and files this Complaint for Declaratory and Injunctive Relief and respectfully shows:

### PARTIES

1. Plaintiff Belle Garden Estate, LLC is a limited liability corporation duly formed under the laws of the Commonwealth of Virginia and primarily operates as a wedding venue in Franklin County, Virginia.

2. Plaintiff Charles Russell is an individual and member owner of Belle Garden Estate, LLC.

3. Plaintiffs Belle Garden Estate LLC and Charles Russell shall collectively be referred to as "Plaintiff" herein.

4. Defendant is the duly elected Governor of Virginia and under authority of law, has issued a variety of emergency executive orders responding to COVID-19, specifically Executive Order 72, Third Amended.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 USC 1331 as this matter arises under Federal Law, specifically the First and Fourteenth Amendments of the United States Constitution.

6. Venue is proper in this Court as the harm caused to the Plaintiff has occurred and is occurring in Wirtz, Virginia which is within the territorial jurisdiction of the Western District of Virginia.

## NATURE OF CONTROVERSY AND STATEMENT OF FACTS

7. On March 1, 2021, Defendant issued Executive Order 72, 3rd Amended. There is no expiration date of the order. Relevant parts of the order specific to the controversy between the parties are as follows:

   a. Prohibitions on Gatherings:
      i. B. 1. OTHER CONTINUED RESTRICTIONS 1. All Public and Private In-Person Gatherings All public and private in-person gatherings of more than 10 individuals indoors and 25 individuals outdoors are prohibited. A "gathering" includes, but is not limited to, parties, celebrations, or other social events, whether they occur indoors or outdoors. The presence of more than 10 individuals indoors, or 25 individuals outdoors, performing functions of their employment or assembled in an educational instructional setting is not a "gathering." The presence of more than 10 individuals indoors, or 25 individuals outdoors, in a particular location, such as a park, or retail business is not a "gathering" as long as individuals do not congregate. This

        restriction does not apply to the gathering of Family members, as defined in section I, subsection D, paragraph 2 living in the same residence.

    ii. Subject to the following requirements, this restriction shall not bar individuals from attending religious services or assembling for educational instruction with more than 10 individuals indoors, or 25 individuals outdoors, provided:

        Individuals attending religious services: i. Practice proper physical distancing at all times. ii. Mark seating and common areas where attendees may congregate in six-foot increments to maintain physical distancing. iii. Ensure that any items used to distribute food or beverages either should be disposable or washed or cleaned between uses between individuals who are not Family members. iv. Conduct routine cleaning and disinfection of frequently-contacted surfaces prior to and following any religious service. v. Post signage at the entrance that states that no one with a fever or symptoms of COVID-19 is permitted to participate in the religious service. vi. Post signage to provide public health reminders regarding physical distancing, gatherings, options for high risk individuals, and staying home if sick. vii. Wear masks over their nose and mouth in accordance with section II. 14 viii. Post signage at the entrance of all indoor areas stating that individuals must wear a mask in accordance with this Order. c. Parties attending religious services must be seated at least six feet from other parties.

b. A-12 – Restrictions on Entertainment and Amusement Businesses:

    i. Entertainment and Amusement Businesses Performing arts venues, concert venues, sports venues, convention centers, expos, movie theaters, museums, aquariums, fairs, carnivals, public and private social clubs, botanical gardens, entertainment centers, historic horse racing facilities, bowling alleys, skating rinks, arcades, trampoline parks, arts and craft facilities, escape rooms, amusement parks and zoos not covered in paragraph 11, and other places of public amusement may open provided such businesses comply with the Guidelines for All Business Sectors and the sector-specific guidelines for entertainment and public amusement, which are expressly incorporated by reference herein. Such guidance includes, but is not limited to, the following requirements:

        a. The total number of spectators for indoor venues cannot exceed the lesser of 30 percent of the lowest occupancy load on the certificate of occupancy, if applicable, or 250 persons. The total number of spectators for outdoor

      venues cannot exceed the lesser of 30 percent of the lowest occupancy load on the certificate of occupancy, if applicable, or 1000 persons.
  b. All private bookings are limited to 10 people indoors and 25 people outdoors in accordance with section I, subsection B, paragraph 1.
  c. No alcoholic beverage shall be sold, consumed, or possessed on premises between the hours of 12:00 midnight and 5:00 a.m. Alcoholic beverages may continue to be sold via delivery or take-out between the hours of 12:00 midnight and 5:00 a.m., as permitted by existing regulations promulgated by the Virginia Alcoholic Beverage Control Authority.
  d. Install visible markers for queue lines that separate people by six feet of physical distance.
  e. Create a guest flow plan of modified queue lines into and within the facility. Determine areas likely to become bottlenecks or pinch points and adjust guest flow accordingly.
  f. Require 10 feet of physical distancing between parties at all establishments with physical activity, singing, or cheering; six feet of physical distancing is required in other venues.
  g. If interactive exhibits are in service, post signage to discourage congregating and encourage the use of hand sanitizer. Provide hand sanitizer stations around any interactive exhibits. Discontinue any interactive exhibits that pose a risk for children to place items in their mouths.
  h. Practice routine cleaning and disinfection of high contact areas and hard 11 surfaces, including check out stations and payment pads, store entrance push/pull pads, door knobs/handles, dining tables/chairs, light switches, handrails, restrooms, guest lockers, floors, and equipment.
  i. Where possible, install plexiglass barriers in front of commonly used point-of-sale or guest service stations.
  j. Employees are required to wear masks over their nose and mouth in accordance with section II while working at their place of employment.
  k. Patrons must wear masks over their nose and mouth in accordance with section II.

- l. Businesses must promote frequent and thorough hand washing, including by providing employees, customers, visitors, the general public, and other persons entering the place of business with a place to wash their hands. If soap and running water are not immediately available, provide hand sanitizers.
- m. If any such business cannot adhere to these requirements, it must close.
    c. Restrictions on private food service:
        a. A(2)(c) All private bookings are limited to 10 people indoors and 25 people outdoors in accordance with section I, subsection B, paragraph 1.

8. Plaintiff is an outdoor wedding venue which has multiple weddings beginning in April 2021 and scheduled throughout the year; said weddings are all scheduled to exceed 25 attendees. Pursuant to EO 72, Plaintiff is excluded, intentionally or unintentionally, from being included as an Entertainment or Amusement Business, and therefore is restricted to groups to operations of outdoor facilities of 25 or less for weddings, while other outdoor businesses are allowed to have as many as 1000 attendees.

    a. EO 72 – (A)(12)(a) - *"The total number of spectators for outdoor venues cannot exceed the lesser of 30 percent of the lowest occupancy load on the certificate of occupancy, if applicable, or 1000 persons."*

9. Plaintiff is prohibited from engaging in outdoor weddings and receptions of more than 25 people due to the outdoor restrictions of private gatherings stated previously.

    a. EO 72 - A(2)(c) - *All private bookings are limited to 10 people indoors and 25 people outdoors in accordance with section I, subsection B, paragraph 1.*

10. Violations of EO 72 in hosting outdoor gatherings of 25 or more are punishable as a Class 1 misdemeanor.

    a. EO 72 B(1)(b)(3) Enforcement (Gatherings):

      i. *Other Restrictions Violations of section I, subsection B, paragraphs 1 and 2 of this Order shall be a Class 1 misdemeanor pursuant to § 44-146.17 of the Code of Virginia. Any law enforcement officer as defined in § 9.1-101 of the Code of Virginia including the Virginia Department of State Police may enforce these restrictions.*

  b. EO 72(A)(15)(b) Enforcement (Business):

      i. *b. The Virginia Department of Health and the Virginia Alcoholic Beverage Control Authority shall have authority to enforce section I, subsection A of this Order. Any willful violation or refusal, failure, or neglect to comply with this Order, issued pursuant to § 32.1-13 of the Code of Virginia, is punishable as a Class 1 misdemeanor pursuant to § 32.1-27 of the Code of Virginia. The State Health Commissioner may also seek injunctive relief in circuit court for violation of this Order, pursuant to § 32.1-27 of the Code of Virginia.*

## STANDING

11. The Plaintiff has standing in this matter as the Plaintiff has 1) suffered a real injury, 2) that is not hypothetical or conjectural, and 3) that can be remedied or redressed by this Court. To-wit:

    a. The Plaintiff is prohibited, under criminal penalty and loss of business license, from conducting standard business operations under EO 72 as the Plaintiff's industry, specifically wedding venues, is not exempted from the gathering restrictions as Entertainment and Amusement Businesses are. Further, Plaintiff is prohibited from having outdoor food service for receptions of greater than 25 people, regardless of the size of the outdoor venue, following wedding ceremonies as the receptions are additionally prohibited as private events.

    b. The planning of weddings requires months of planning. The current order has no expiration date and it is impossible for the Plaintiff to continue operations with the weddings scheduled in April 2021 and throughout the remainder of 2021 under the current arbitrary restrictions applicable only to the wedding

industry and not to other entertainment venues such as concert venues. The current continued restrictions are causing irreparable harm to the Plaintiff.

c. This Court can provide redress to the harm to the Plaintiff by declaring that wedding venues are and should be treated similarly to businesses categorized as Entertainment and Amusement businesses and the Plaintiff further seeks an injunction against enforcement of EO 72 so that it may provide outdoor food service similar to what is allowed by outdoor restaurants.

## INCORPORATION BY REFERENCE

12. Plaintiff hereby incorporates and adopts by reference each exhibit attached to the complaint.

## COUNT 1 – Declaratory and Injunctive Relief – First and Fourteenth Amendments (Gatherings and Food Service)

13. Plaintiff hereby seeks declaratory judgment and injunctive relief pursuant to 42 USC §1983, the First and Fourteenth Amendments of the United States Constitution in accordance with the facts stated herein.

14. Plaintiff maintains a Fourteenth Amendment right to be treated equally and equitably under the law.

15. Pursuant to EO 72 – the following outdoor businesses can have 30% of their outdoor capacity up to 1000 persons in activities involving:

    a. Riding carnival rides

    b. Horse racing tracks

    c. Spectating at concerts

    d. Spectating in sporting events

    e. Participating in outdoor ice skating

    f. Spectating in Outdoor Theater

    g. Engaging in Easter Egg Hunts at a Rotary Club

16. Pursuant to EO 72, major amusement parks can have 50% capacity. One major Virginia park is Busch Gardens Williamsburg which has a maximum park capacity of 38,000 allowing it to have as many as 19,000 under the current order.[1]

17. Pursuant to E0 72, sitting in an outdoor venue watching a wedding is deemed a gathering and is limited to a maximum of 25 people regardless of the size of the outdoor venue.

18. Pursuant to EO 72, there is no capacity restrictions on religious ceremonies so long as the ceremony follows certain additional protocols previously stated. Accordingly, Plaintiff could allow a wedding, with an unlimited number of people allowed to attend a ceremony, so long as it was officiated in a religious manner, but weddings involving non-religious ceremonies are restricted to a maximum of 25 with the same religious protocols in place.

19. By contrast, other businesses that have are unaffected regarding capacity restrictions by EO 72 throughout the entire pandemic:

    a. Grocery Stores

    b. Pharmacies

    c. Liquor Stores

---

[1] https://www.theparkdb.com/results/in/name/17/view_details - Busch Gardens Williamsburg is currently self-reducing capacity to 4000 guests: https://www.13newsnow.com/article/entertainment/events/busch-gardens-williamsburg-increases-visitor-capacity-for-christmas-celebration-event/291-37b1df81-188d-4743-8dd3-1afb94c853bd#:~:text=Thanks%20to%20a%20revised%20executive,4%2C000%20guests%20into%20the%20park.&text=WILLIAMSBURG%2C%20Va

   d. Pet Supply Stores
   e. Hardware Stores

20. The allowance of Entertainment and Amusement businesses referenced above to function with restrictions of 30% of capacity, up to 1000 people, versus the limitations of a maximum of 25 people in an outdoor non-religious ceremony is *per se* discriminatory to the Plaintiff and the industry of wedding venues and is in violation of the Plaintiff's First Amendment Rights to organize and freely assemble and Fourteenth Amendment rights to Equal Protection under the United States Constitution.

21. A restaurant is allowed to have unlimited outdoor seating capacity so long as tables restrictions in the order are followed; however, Plaintiff can have no more than 25 people seated on its property who are being served food following the exact same seating capacity as restaurants. This is a violation of the Plaintiff's Fourteenth Amendment rights to Equal Protection under the United States Constitution.

22. Restrictions allowing the Plaintiff to organize and plan outdoor events limiting to 25 or less, regardless of the size of the outdoor venue, is a violation of the First Amendment of the United States Constitution as it violates on the Plaintiff's rights to freely assemble on private property.

Wherefore, the Plaintiff prays for the following relief the following:

A. The issuance of a temporary and permanent injunction against the Defendant, Ralph S. Northam, Governor of Virginia, from enforcing any executive action contained in EO 72 or any other future executive action, which unequally limits wedding venues or others

differently than any other business contained in and considered Entertainment and Amusement Businesses.

B. The issuance of a temporary and permanent injunction against the Defendant, Ralph S. Northam, Governor of Virginia, from enforcing any executive action contained in EO 72 or any other future executive action, which provides for discriminatory treatment of private parties in the food service industry.

C. Provide a speedy hearing to determine the rights of the Plaintiff pursuant to FRCP 57; and

D. Grant an award of attorney fees and costs, as well as any other such relief as this Court may deem appropriate.

Respectfully Submitted,
Belle Garden Estate, LLC
Charles Russell
By: __/s/_____
Counsel

Timothy Anderson
Anderson & Associates PC
2492 North Landing Rd 104
Virginia Beach VA 23456
757-301-3636 Tel
VSB 43803
timanderson@virginialawoffice.com